16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth P. SEMIEN, Plaintiff-Appellant,
v.
COMANCHE COUNTY, Cotton County, Fred C. Smith, Assistant
District Attorney, Defendant-Appellee.
Kenneth P. SEMIEN, Plaintiff-Appellant,
v.
COMANCHE COUNTY, Cotton County, and Fred C. Smith, Defendant-Appellee.
 Nos. 93-6164, 93-6188.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff Kenneth P. Semien filed suit pursuant to 42 U.S.C.1983 against Fred Smith, the assistant district attorney for Comanche and Cotton Counties, and against those counties, alleging violations of his civil rights, including being subjected to double jeopardy, excessive bail, and denial of due process and equal protection. All of plaintiff's allegations concern his prosecution and conviction on various charges in Comanche and Cotton Counties, including the assertion that he was charged with the same crime four times and was falsely charged for the purpose of being retained in jail.
 
 
 3
 After considering separate motions for summary judgment filed on behalf of the counties and Smith, the magistrate judge recommended granting summary judgment. The district court reviewed de novo the plaintiff's objections to the magistrate judge's report and granted summary judgment in favor of all the defendants. We review de novo the district court's order. Deepwater Investments, Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 4
 We have reviewed the briefs and the records and are satisfied that the magistrate judge and the district court accurately summarized the facts. Plaintiff's claims against Smith are based on Smith's limited participation in the prosecution of criminal charges. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the [s]tate's case, the prosecutor is immune from a civil suit for damages under 1983." Id. at 431. Also, because the pleadings do not allege Smith personally participated in the acts complained of, essential to prevail in a 1983 suit, the district court correctly denied the claim for injunctive relief. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976).
 
 
 5
 As to the counties, liability cannot be assessed for monetary damages on the theory of respondeat superior. Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 694 (1978). Plaintiff has not alleged any facts which support a recognized exception to this general rule. City of Canton v. Harris, 489 U.S. 378 (1989); Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988). Further, the counties are not employers of any named defendant, so any claim for monetary or nonmonetary damages must be resolved against plaintiff for this reason as well.
 
 
 6
 Insofar as plaintiff's complaint sought to have his convictions set aside, relief was properly denied because his action was not for a writ of habeas corpus and did not name appropriate defendants.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Plaintiff filed two timely notices of appeal from the same district court order granting summary judgment, which are numbered 93-6164 and 93-6188 respectively. These appeals are consolidated for disposition